AUSA:    Yara Mathena Hindelang    Telephone: (313) 226-9100
AO 91 (Rev. 11/11) Criminal Complaint    Special Agent:    Paul Staso    Telephone: (313) 965-2323

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
v.
Sean Raymond Frazier

Case: 2:22−mj−30254
Assigned To : Unassigned
Assign. Date : 6/3/2022
CMP: USA v FRAZIER (MAW)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 11, 2022__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g) | Felon in possession of a firearm |

This criminal complaint is based on these facts:
see attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Paul J. Staso, Special Agent (FBI)
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __June 3, 2022__

_Judge's signature_

City and state: __Detroit, Michigan__    Hon. Anthony P. Patti, United States Magistrate Judge
_Printed name and title_

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Paul J. Staso, being first duly sworn, hereby depose and state as follows:

## Introduction and Background

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since March 2020. I am currently assigned to the FBI Detroit Division Violent Crime Task Force ("VCTF"). As an FBI Special Agent, I have conducted or assisted in numerous investigations of federal and state violations, including crimes of violence and firearms.

2. The statements contained in this affidavit are based on my experience and background as an FBI Special Agent and on information provided by police officers, other agents of the FBI, and other law enforcement personnel, as well as communications with others who have personal knowledge of the events and circumstances described herein.

3. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all the information known to law enforcement related to this investigation.

4. I am currently investigating Sean Raymond FRAZIER, date of birth xx/xx/1993, for violations of federal law, including felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

1

5. I have conducted a computerized criminal history check (CCH) for FRAZIER, which revealed that in 2010, FRAZIER was convicted of the following felony offenses:

- Carjacking
- Armed Robbery
- Felony Firearm
- Stolen property- Receiving and Concealing Motor Vehicle

6. For the above-described convictions, FRAZIER was sentenced to an approximate total of 11 years' incarceration in the Michigan Department of Corrections (MDOC). It should also be noted that prior to the offense date of May 11, 2022, discussed below, FRAZIER had been on parole with MDOC for approximately three months. Therefore, there is probable cause that FRAZIER knew he was convicted of a felony offense punishable by more than one year of imprisonment prior to the following offense date.

## Probable Cause

7. On May 10, 2022, officers with the Detroit Police Department (DPD) were dispatched to 3*** Orleans Street, Detroit, Michigan, for a breaking and entering of a motor vehicle. Officers spoke to M.P., who stated that their Jeep Cherokee had been broken into and their property was stolen. Officers observed the passenger rear-side window broken out. M.P. stated that their Air Mac Book Pro, identification, debit and credit cards, and $16.00 in cash were taken from the

vehicle. M.P. further stated they left their vehicle at approximately 6:40 p.m. and when they returned around 8:00 p.m., they observed their vehicle broken into.

8. On May 11, 2022, at approximately 11:15 a.m., M.P. notified law enforcement that a local business owner reviewed CCTV footage and witnessed a grey Range Rover circling the lot before parking near M.P.'s vehicle. Using application-based software installed on their Air Mac Book Pro, M.P. was able to track the device's location to an apartment complex around Superior Street in Detroit. M.P. described the cover of their Air Mac Book Pro to be multicolored and easily identifiable.

9. Because the location of M.P.'s computer was in the area, at approximately 11:30 a.m., law enforcement conducted physical surveillance in the vicinity of Superior Street. In the parking lot of the complex, officers observed a grey 2017 Range Rover. This vehicle matched the description received and given by M.P.

10. A query of the Law Enforcement Information Network (LEIN) showed the vehicle was reported stolen by Warren Police Department in Warren, Michigan. At approximately 12:10 p.m., a man, later identified as FRAZIER, exited a building complex on Superior holding a multicolored Apple Air Mac Book laptop. Officers believed based on the description given by M.P. that this was the stolen laptop.

11. FRAZIER entered the grey Range Rover and departed the complex. Law enforcement surveilled FRAZIER to a restaurant on Mt. Elliott in Detroit, Michigan. FRAZIER parked the Range Rover in a parking spot along the north side of the building. While FRAZIER sat in the driver's seat, a DPD police vehicle activated its lights and blocked the area directly behind the stolen Range Rover.

12. Two DPD officers then approached the vehicle with FRAZIER inside and gave him verbal commands, through the window. One of the officers immediately observed a pistol lodged between the driver's seat and center console. Officers took FRAZIER from the vehicle and recovered the black and silver pistol from between the driver's seat and center console. Upon further investigation, the pistol, a .40 caliber Smith &Wesson, contained one magazine filled with 12 rounds of live ammunition.

13. Law enforcement asked FRAZIER while placing him in handcuffs who the pistol belonged to. FRAZIER stated the gun belonged to "my girl." Later, while being transported to the Detroit Detention Center, FRAZIER stated to the transporting officers that he knew he had a gun.

14. On May 31, 2022, ATF Special Agent Joshua M. McLean, an expert in the interstate nexus of firearms, advised me that based on information provided by law enforcement for the referenced firearm, that it is a firearm as defined under

4

18 U.S.C. § 921 and was manufactured outside the state of Michigan, and therefore traveled in and affected interstate commerce.

## Conclusion

15. Based on the above information, probable cause exists to believe that FRAZIER, a previously convicted felon, knowing that he was previously convicted of an offense punishable by more than one year of imprisonment, knowingly possessed a firearm, in violation of 18 U.S.C. § 922(g)(1).

Respectfully submitted,

Paul J. Staso, Special Agent
Federal Bureau of Investigation

Sworn to before me and signed in my
presence and/or by reliable electronic means.

Hon. Anthony P. Patti
United States Magistrate Judge

Date: June 3, 2022

5